IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RICARDO ROLAND | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § § | |
| | § | Judge _____ |
| CANON SOLUTIONS AMERICA, INC. | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Ricardo Roland, is an individual that is a citizen of the State of Texas.

2. Defendant, Canon Solutions America, Inc. is a New York corporation doing business in the State of Texas and may be served with process by delivery to its registered agent in Texas, Corporation Service Company d/b/a CSC – Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on national origin and race pursuant to 42 U.S.C. § 2000e.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in Beaumont, Texas, which is within this district. The unlawful

employment practices occurred at that location.

### D. Exhaustion of Administrative Remedies

5.     Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. Unlawful Employment Practices Under Title VII

6.     Plaintiff is an employee within the meaning of the Title VII, 42 U.S.C. §2000e(f).

7.     Defendant is an employer within the meaning of the Title VII, 42 U.S.C. §2000e(b).

8.     Plaintiff is an employee belonging to a class protected under Title VII, 42 U.S.C. §2000e-2(a), namely the Asian race and Chinese and Indian national origins

9.     Defendant intentionally discriminated against plaintiff because of his national origin and race in violation of Title VII by using different standards in evaluating plaintiff than those used to evaluate non-Chinese, non-Indian, and non-Asian employees, harassing plaintiff because of his national origin and race, paying plaintiff less than other employees because of his national origin and race, retaliating against plaintiff because he complained of unlawful discrimination, and by forcing plaintiff to resign based on his national origin and race.

10.    Plaintiff began working for Better Business Machines, Inc. ("BBMI"), the predecessor to defendant's Beaumont operations, in 1995.  He was hired as a office machine repairman.  Plaintiff was an exceptional employee and always ranked first or second as compared to other employees. He was promoted to the position of sales representative in 2001. BBMI was bought out by Océ North America, Inc., which, by the time of the filing of

this complaint, had merged into Canon Solutions America, Inc. Defendant told plaintiff that his pay was the same structure as the other white sales representatives. In reality, defendant paid white sales representatives twice as much as plaintiff. In 2011, plaintiff was defendant's number one ranked sales representative in Beaumont, Texas, and sixteenth in the country. At that time, despite outperforming the other sales representatives, plaintiff was still being paid less than many of the sales representatives outside his class and denied sales territories that were reserved for white employees.

11. Plaintiff discussed the discrimination with defendant's Human Resources department. He expressed his concern over being discriminated against by his supervisor, Mr. Andrues. Plaintiff informed defendant of the occasions that Andrues had discriminated against him and other non-white employees. Defendant did nothing to deter the discrimination. On the contrary, after plaintiff's complaints, the discrimination by Andrues worsened. Despite being a national sales leader for defendant, plaintiff could no longer endure the discrimination and was forced to resign from the company after seventeen years of service.

## Racial and National Origin Discrimination and Harassment Under Title VII

12. Defendant intentionally discriminated against plaintiff because of his race and national origin in violation of Title VII, U.S.C. §2000e-2 by harassing, denying employment opportunities, treating plaintiff differently than employees of other races and national origins, and in ultimately constructively terminating plaintiff based on his race and national origin.

13. The working environment at defendant's location in Beaumont, Texas was heavily charged with national origin and racial discrimination. Throughout his employment, plaintiff

was subjected to actions that were intolerably abusive to him because of his race and national origin.

14. Plaintiff's General Manager, Andrues, prevented plaintiff from receiving profitable sales territories. Andrues actively harassed plaintiff based on his national origin and race. No remedial or preventative measures were taken by defendant to address the national origin and racial harassment.

15. Defendant's intentional discrimination resulted in an adverse employment action against plaintiff. Defendant harassed plaintiff because of his race and national origin. Defendant did not compensate plaintiff equally and disciplined plaintiff harsher than employees outside his class. When plaintiff complained to defendant about racial and national origin discrimination, defendant increased the discrimination forcing plaintiff to resign from his employment.

## Retaliation Under Title VII

16. Defendant unlawfully retaliated against plaintiff because he opposed a practice made unlawful by Title VII. Plaintiff reported to defendant his opposition to its unlawful discrimination and harassment based on race and national origin. Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a). The defendant subjected plaintiff to an adverse employment action by denying him profitable sales territories and ultimately forcing plaintiff to quit. A causal link exists between the protected activity and the defendant's action. Any other reasons by defendant for the adverse employment action are merely pretexts.

## F. Damages

17. As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling him to the following remedies:

   a. Back pay, including that amount of wages and employment benefits plaintiff would have earned if he had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits he received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

   b. Reinstatement;

   c. Front pay, if reinstatement is inappropriate.

   d. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

   e. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## G. Attorney Fees

18. Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

## H. Additional Damages

19. In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure plaintiff.

### I. Jury Demand

20. Plaintiff requests a trial by jury.

### J. Prayer

21. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. Reinstatement to his prior job and position;

   b. Back pay and front pay, including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Attorney fees and courts costs; and

   g. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF